## BULLOCK *v.* DREYFUSS.

*(Circuit Court, S. D. New York. October, 1890.)*

**PATENTS FOR INVENTIONS—PATENTABILITY—ANTICIPATION.**
Claims 1 and 4 of patent No. 228,939, issued June 15, 1880, to Lebbeus H. Rogers for a die of an appropriate configuration to do the work of ornamentation for perforating and scalloping paper, or of ornamentation and dividing the paper,—either or both,—were anticipated by George Franke by the use of a die of substantially the same pattern, and with similar configuration and perforations, and, except in the result of the embossing, accomplishing just what is done by the patented die.

In Equity.
*Thos. H. Wagstaff* and *Frost & Coe*, for complainant.
*Herbert W. Grindal*, for defendant.

WALLACE, J.   The complainant alleges infringement by the defendant of claims 1 and 4 of letters patent No. 228,939, granted to Lebbeus H. Rogers June 15, 1880.. It is apparent from the specification that the essence of the invention patented, as far as the two claims in controversy are concerned, consists in a die of an appropriate configuration to do the work of ornamentation for perforating and scalloping paper, or of ornamentation and dividing the paper,—either or both.   The configuration of the die must be such as will enable it to punch the paper into the desired pattern of perforations and interlocking scallops, and it may be such as will also enable it to sever the paper along the line of the interlocking scallops.   The first claim is for the method of making the perforated .and scalloped paper by the use of the die.   The second claim seems to be one for a die having only the ornamenting function, but it may be capable of an interpretation which will restrict it as one for a die having both the ornamenting and dividing functions.   Both claims are met and their novelty overthrown by the knowledge and use by George Franke, prior to the date of the invention by the patentee, of a die essentially in configuration like the die of the patent.   The silver strips of embossed paper made by Franke with his die show the interlocking pattern and perforations which are substantially those made by the use of the patented die; and it is plain, as he testifies, that such die is operative when used upon several sheets of paper, except in the result of the embossing, to accomplish just what is done by the patented die. There is no reason to doubt that this die was imported by him and used, as he states, in 1878.

In view of this conclusion, it is unnecessary to consider the other defenses which have been interposed by the defendant.

The bill is dismissed, with costs.